**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAUL CHAVEZ,**<br>**Petitioner,** | §<br>§<br>§ | |
| **v.** | § | **Cause No. EP-26-CV-2468-KC** |
| **UNITED STATES PROBATION OFFICER,**<br>**Respondent.** | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Raul Chavez challenges a condition of his supervised release which prohibits him from possessing a firearm through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1 at 1. His petition is dismissed.

**BACKGROUND**

Chavez claims he was convicted of a federal drug conspiracy offense. *Id.* at 2. He maintains he has completed his term of imprisonment and is on supervised release in El Paso, Texas. He challenges a condition of his supervised release which prohibits him from possessing a firearm. *Id.* at 1. He asks the Court "to adjudicate the legality of the restraint presently operating upon his liberty." *Id.* But he fails to provide information concerning the cause number, the sentencing court, or other information concerning his conviction.

**STANDARD OF REVIEW**

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*,

218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Chavez challenges the conditions of his supervised release imposed at the time of his sentencing. Pet'r's Pet., ECF No. 1 at 1. Specifically, he asks this Court to adjudicate the legality of a provision which prohibits him from possessing a firearm. *Id.*

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A person serving a term of supervised release is "in custody" for purposes of pursuing post-conviction habeas relief. *Watkins v. Garrett*, 476 F. App'x 430, 432 (5th Cir. 2012) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006)). "A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d at 451. A § 2241 petition attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration and must be filed in the same district where the prisoner is incarcerated. *Id.* A motion under § 2255, by contrast, is the vehicle for attacking errors that occurred "at or prior to sentencing." *Id.* A § 2255 motion

must be filed in the court that sentenced the defendant. *Id.* "'A petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255.'" *Id.* at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.*

Despite Chavez's contention that he is challenging the execution of a condition of his supervised release and that the condition violates his rights when executed, he is not actually challenging the manner in which his sentence is carried out. Instead, he is challenging a condition of his supervised release imposed at the time of his sentencing which prohibits him from possessing a firearm. Pet'r's Pet., ECF No. 1 at 1. He contends that this term violates his Second Amendment right to bear arms, and he requests that the court "[g]rant appropriate relief from any condition of present custody found unlawful or unconstitutional." *Id.* at 7. Accordingly, Chavez seeks § 2255 relief, not § 2241 relief. The only court with the jurisdiction necessary to hear his post-conviction habeas challenge is the court that sentenced him—which he fails to identify.

Furthermore, the Supreme Court has emphasized that the Second Amendment protects the right of "lawabiding" citizens to possess and carry firearms, not felons. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 9 (2022). And the Supreme Court has continued to emphasize that laws disarming "felons" are "presumptively lawful." *United States v. Rahimi*, 602 U.S. 680, 699 (2024) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 n.26 (2008)).

**CONCLUSION AND ORDERS**

The Court concludes Chavez's petition challenges the validity of his federal sentence, not the manner in which his sentence is carried out, and his claim must either be dismissed or construed as a § 2255 motion. Accordingly, since Chavez has failed to identify the court that sentenced him, the Court enters the following orders:

**IT IS ORDERED THAT** Petitioner Raul Chavez's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**SIGNED this 16th day of October, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE